**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**IN RE:**

**CASE NO. 24-2369**
**CHAPTER 13**

**RAMON SEIJO,**
**Debtor.**

______________________________/

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

ADRIANA RIZZO ("Movant"), by and through undersigned counsel, respectfully moves this Court for an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a), and in support thereof states as follows:

**I. JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**II. BACKGROUND**

On or about December 30, 2024, the above-captioned Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

Prior to the filing of the bankruptcy petition, on or about January 11, 2022, Movant sustained personal injuries as a result of, a motor vehicle collision caused by the negligence of the Debtor.

On March 10, 2023, Movant commenced a civil action against the Debtor in the 11th Judicial Circuit, Miami Dade County, FL, RIZZO vs. JVA, Case No. 23-004157-

CA-01 (the "State Court Action"), seeking damages for personal injuries sustained as a result of the Debtor's conduct.

The State Court Action was pending at the time of the Debtor's bankruptcy filing and is currently stayed pursuant to 11 U.S.C. § 362(a).

Upon information and belief, the Debtor maintained liability insurance coverage at the time of the incident through Chubb Insurance, Policy No. 5430-95-93, with policy limits of $2,000,000.00 (the "Insurance Policy").

## III. RELIEF REQUESTED

Movant seeks relief from the automatic stay solely to pursue the State Court Action to final judgment against the Debtor.

Movant expressly limits any recovery to the available proceeds of the Debtor's liability insurance coverage. Movant does not seek and will not seek to execute any judgment against property of the bankruptcy estate or any property of the Debtor beyond the proceeds available under the Insurance Policy.

This limitation ensures that the bankruptcy estate and the Debtor will suffer no prejudice from the lifting of the automatic stay.

## IV. CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY

Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause." The term "cause" is not defined by the Bankruptcy Code and is determined on a case-by-case basis, considering the totality of the circumstances. Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3d Cir. 1997).

Courts have applied a balancing test weighing three factors:

(a) The prejudice to the bankruptcy estate or the debtor if the stay is lifted;

(b) The hardship to the movant if the stay is maintained compared to any hardship to the debtor; and

(c) The movant's probability of success on the merits.

See In re **Rexene Prod. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); Santa Fe Minerals v. BEPCO, L.P. (In re 15375 Memorial Corp.), 382 B.R. 652, 686 (Bankr. D. Del. 2008).**

**A. No Prejudice to the Estate or the Debtor**

Because Movant's recovery is expressly limited to available insurance proceeds, the bankruptcy estate will not be diminished in any way by lifting the automatic stay. The Debtor's liability insurer, not the estate, will bear the cost of defense and any judgment or settlement within policy limits.

Permitting the State Court Action to proceed protects the interests of all parties by allowing the claim to be liquidated in the forum where it was originally filed, without burdening the bankruptcy estate or this Court with personal injury litigation.

**B. Hardship to Movant Outweighs Any Hardship to the Debtor**

Movant has suffered personal injuries and has been unable to pursue compensation due to the automatic stay. Further delay will prejudice Movant's ability to obtain a timely resolution of the claim, may result in the loss of evidence or unavailability of witnesses, and prolongs the hardship caused by the Debtor's conduct.

The Debtor, by contrast, will suffer no hardship because the Debtor's insurer—not the Debtor personally—will defend the action and satisfy any judgment within policy limits.

### C. Movant Has a Reasonable Probability of Success

Movant's personal injury claim is based on the Debtor's negligent operation of a motor vehicle and is supported by medical records, and witness testimony, and extensive medical records. The claim has sufficient merit to warrant adjudication in the State Court Action.

## V. PROPOSED LIMITATIONS AND PROTECTIONS

To ensure no harm to the estate or the Debtor, Movant proposes that any order granting relief from the automatic stay include the following conditions:

(a) Movant's recovery shall be limited solely to available proceeds under the Debtor's liability insurance policy;

(b) Movant shall not execute or seek to execute any judgment against property of the bankruptcy estate or any property of the Debtor beyond the available insurance proceeds;

(c) Movant may proceed through trial and final judgment in the State Court Action; and

(d) The automatic stay shall remain in effect as to all property of the estate and the Debtor, except as necessary to permit the State Court Action to proceed to judgment and recovery from insurance proceeds.

## VI. CONCLUSION

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order:

Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit Movant to continue the State Court Action against the Debtor through final judgment; Limiting Movant's recovery to available proceeds under the Debtor's liability

insurance policy; and Granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via United States Mail to the following:

RAMON SEIJO
7684 W 16 AVE
HIALEAH, FL 33014

And via electronic mail to:

JOSE A. BLANCO, P.A.
102 E 49TH ST
HIALEAH, FL 33013

NANCY K. NEIDICH
WWW.CH13MIAMI.COM
POB 279806
MIRAMAR, FL 33027

OFFICE OF THE US TRUSTEE
51 S.W. 1ST AVE.
SUITE 1204
MIAMI, FL 33130

LAW OFFICES OF
**ANTONIO S. GONZALEZ, P.A.**
3211 Ponce De Leon Blvd.
Suite 207
Coral Gables, FL 33134
(305) 774-6569

By: */s/ Antonio S. Gonzalez, Esq.*
ANTONIO S. GONZALEZ, ESQ.
Florida Bar No.: 0128082

ANTONIO S. GONZALEZ

PROPOSED ORDER

A proposed order granting this Motion is attached hereto as Exhibit A.

Note: Bracketed items should be completed with case-specific information. Local rules may require additional exhibits such as a notice of motion, proof of claim, or declarations. Verify compliance with applicable local rules before filing.

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

**TO PERMIT PERSONAL INJURY ACTION TO PROCEED IN STATE COURT**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF FLORIDA**

IN RE: CASE NO. 24-2369

CHAPTER 13

RAMON SEIJO,

Debtor.

_________________________________/

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Upon consideration of the Motion for Relief from the Automatic Stay ("Motion") filed by ADRIANA RIZZO ("Movant"), seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a) in order to proceed with a pending personal injury action against the above-captioned Debtor in the 11th Judicial Circuit, Miami Dade County, Florida, styled RIZZO vs. JVA, Case No. 23-004157-CA-01 (the "State Court Action"), after due notice and opportunity for hearing, and it appearing that cause exists to grant the requested relief, the Court finds and concludes as follows:

**FINDINGS**

The Debtor, RAMON SEIJO, filed a petition for relief under Chapter 13 of Title 11 of the United States Code on December 30, 2024.

Prior to the filing, Movant commenced the State Court Action on or about January 11, 2022, seeking damages for personal injuries allegedly caused by the Debtor's negligence in connection with a motor vehicle collision.

Upon information and belief, the Debtor maintained liability insurance coverage at the time of the incident through Chubb Insurance, Policy No. 5430-95-93, with policy limits of $2,000,000.00 (the "Insurance Policy").

Movant seeks to continue the State Court Action for the limited purpose of liquidating her claim and pursuing recovery solely from the proceeds of the Debtor's liability insurance coverage.

The Court finds that cause exists under 11 U.S.C. § 362(d)(1) to lift the automatic stay to permit the State Court Action to proceed to judgment, because the continuation of that action will not prejudice the Debtor or the bankruptcy estate.

**IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED.

The automatic stay of 11 U.S.C. § 362(a) is modified to allow Movant to continue prosecuting the State Court Action, RIZZO vs. JVA, Case No. 23-004157-CA-01, against the Debtor through trial and final judgment in the 11th Judicial Circuit, Miami Dade County, Florida.

Movant's recovery, if any, shall be strictly limited to available proceeds of the Chubb Insurance liability policy (Policy No. 5430-95-93) issued on behalf of the Debtor, with limits of $2,000,000.00.

Movant shall not execute, levy, or otherwise seek satisfaction of any judgment against the Debtor personally or against any property of the bankruptcy estate, except from the proceeds of such insurance.

The Debtor and the bankruptcy trustee shall cooperate as reasonably necessary to permit the insurance carrier to defend and resolve the State Court Action.

Except as expressly modified herein, the automatic stay shall remain in full force and effect.

This Court retains jurisdiction to interpret, enforce, or modify the terms of this Order.

DONE AND ORDERED in Miami, Florida, this ___ day of ___, 2026.

______________________________________

**UNITED STATES BANKRUPTCY JUDGE**

Submitted by:

Antonio S. Gonzalez, Esq.

Law Offices of Antonio S. Gonzalez, P.A.

3211 Ponce De Leon Blvd., Suite 207

Coral Gables, FL 33134

(305) 774-6569

Florida Bar No.: 0128082

Counsel for Movant, Adriana Rizzo

Copies to:

All Parties in Interest per Certificate of Service